UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAURIE ANITA CLARK, | No. 2:14-cv-01586-AC |
| Plaintiff, | |
| v. | ORDER |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | |
| Defendant. | |

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying her application for period of disability and disability insurance benefits ("DIB") under Title II and supplemental security income ("SSI") under Title XVI of the Social Security Act. Plaintiff's motion for summary judgment and the Commissioner's cross-motion for summary judgment are pending. For the reasons discussed below, the court will grant plaintiff's motion for summary judgment and deny the Commissioner's cross-motion.

PROCEDURAL BACKGROUND

Plaintiff filed her first application for DIB on September 24, 2008. Administrative Record ("AR") 18. Plaintiff's application was denied initially on December 22, 2008, and she did not request reconsideration. Id. Plaintiff filed a second application, this time for both DIB and SSI on June 29, 2009. Id. Plaintiff's application was denied initially on October 19, 2009, and again

1

upon reconsideration on April 22, 2010.  Id.  Plaintiff was initially denied a request for a hearing in front of ALJ Maxine R. Benmour based on the ALJ's finding that she had not shown good cause for filing the hearing request four months late.  AR 18, 29.  Plaintiff appealed the ALJ's decision and the Appeals Council remanded.  Id.  On February 3, 2012, plaintiff appeared at a hearing before the ALJ with her husband, Joe Clark.  Id.  Plaintiff was represented at the hearing by Kay Tracy, an attorney.  Id.  Plaintiff, her husband, and Stephen P. Davis, M.A., an impartial vocational expert (VE), testified at the hearing.  Id.  In a decision dated February 21, 2012, the ALJ found plaintiff not disabled.  AR 29.

The ALJ made the following findings:

> 1.  The claimant meets the insured status requirements of the Social Security Act through December 31, 2007.
>
> 2.  The claimant has not engaged in substantial gainful activity since December 20, 2006, the alleged onset date.
>
> 3.  The claimant has the following severe impairments: degenerative disc disease of the lumbar spine, obesity, mild degenerative joint disease of the knees, and an affective disorder.
>
> 4.  The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.
>
> 5.  After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR §§ 404.1567(b) and 416.967(b), except that she can lift and/or carry twenty pounds occasionally and ten pounds frequently, sit for six hours, and stand and/or walk for two hours.  She cannot climb ladders, ropes, or scaffolding, and cannot bend or stoop.  The claimant can occasionally climb ramps and stairs, occasionally balance, kneel, crouch, and crawl.  She must frequently change positions from sitting to standing or walking.  She retains the abilities to engage in one to two-step instruction jobs with occasional contact with the public.
>
> 6.  The claimant is unable to perform any past relevant work.
>
> 7.  The claimant was born on March 7, 1963, and was forty-three years old, which is defined as a younger individual age 18-49, on the alleged disability onset date.
>
> 8.  The claimant has at least a high school education and is able to communicate in English.
>
> 9.  Transferability of job skills is not material to the determination

       of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills.

       10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform.

       11. The claimant has not been under a disability, as defined in the Social Security Act, from December 20, 2006, through the date of this decision.

AR 21–32 (citations to the Code of Federal Regulations omitted).

    Plaintiff requested review of the ALJ's decision by the Appeals Council, but it denied review on May 9, 2014, leaving the ALJ's decision as the final decision of the Commissioner of Social Security. AR 7–10.

## FACTUAL BACKGROUND

    Born on March 7, 1963, plaintiff was 43 years old, which is defined as a younger person, on the disability onset date and 48 years old at the time of her administrative hearing. AR 27. Plaintiff has not engaged in substantial gainful activity since the alleged onset date. AR 20–21.

## LEGAL STANDARDS

    The Commissioner's decision that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence in the record and the proper legal standards were applied. Schneider v. Comm'r of the Soc. Sec. Admin., 223 F.3d 968, 973 (9th Cir. 2000); Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999); Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999).

    The findings of the Commissioner as to any fact, if supported by substantial evidence, are conclusive. See Miller v. Heckler, 770 F.2d 845, 847 (9th Cir. 1985). Substantial evidence is more than a mere scintilla, but less than a preponderance. Saelee v. Chater, 94 F.3d 520, 521 (9th Cir. 1996). "It means such evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consol. Edison Co. v. N.L.R.B., 305 U.S. 197, 229 (1938)). "While inferences from the record can constitute substantial evidence, only those 'reasonably drawn from the record' will suffice." Widmark v.

3

1  Barnhart, 454 F.3d 1063, 1066 (9th Cir. 2006) (citation omitted).  Although this court cannot

2  substitute its discretion for that of the Commissioner, the court nonetheless must review the

3  record as a whole, "weighing both the evidence that supports and the evidence that detracts from

4  the [Commissioner's] conclusion."  Desrosiers v. Sec'y of Health and Hum. Servs., 846 F.2d 573,

5  576 (9th Cir. 1988); see also Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985).

6       "The ALJ is responsible for determining credibility, resolving conflicts in medical

7  testimony, and resolving ambiguities."  Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001)

8  (citations omitted).  "Where the evidence is susceptible to more than one rational interpretation,

9  one of which supports the ALJ's decision, the ALJ's conclusion must be upheld."  Thomas v.

10 Barnhart, 278 F.3d 947, 954 (9th Cir. 2002).  However, the court may review only the reasons

11 stated by the ALJ in his decision "and may not affirm the ALJ on a ground upon which he did not

12 rely."  Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007); see also Connett v. Barnhart, 340 F.3d

13 871, 874 (9th Cir. 2003).  In addition, "[t]he ALJ in a social security case has an independent

14 ''duty to fully and fairly develop the record and to assure that the claimant's interests are

15 considered.'''"  Tonapetyan v. Halter, 242 F.3d 1144, 1150 (9th Cir. 2001).

16      The court will not reverse the Commissioner's decision if it is based on harmless error,

17 which exists only when it is "clear from the record that an ALJ's error was 'inconsequential to the

18 ultimate nondisability determination.'"  Robbins v. Soc. Sec. Admin., 466 F.3d 880, 885 (9th Cir.

19 2006) (quoting Stout v. Comm'r, 454 F.3d 1050, 1055 (9th Cir. 2006)); see also Burch v.

20 Barnhart, 400 F.3d 676, 679 (9th Cir. 2005).

21                               ANALYSIS

22      Plaintiff seeks summary judgment on the grounds that (1) the ALJ propounded an

23 incomplete hypothetical to the VE; and (2) the record does not contain any evidence that the VE's

24 testimony is consistent with the Dictionary of Occupational Titles (DOT).  The Commissioner, in

25 turn, argues that the ALJ's findings are supported by substantial evidence and are free from legal

26 error.  In the alternative, the Commissioner argues that the ALJ's errors were harmless.  For the

27 reasons discussed below the court finds that the ALJ erred in failing to explain a conflict between

28 the VE's testimony and the DOT.  For the foregoing reasons the court will grant plaintiff's

motion for summary judgment and remand for further consideration consistent with this opinion.

A.   The ALJ's Hypothetical

Plaintiff's argument that the ALJ erred by propounding an incomplete hypothetical to the VE is a thin, and ultimately unconvincing, one.

> Once a claimant has established that he or she suffers from a severe impairment that prevents the claimant from doing any work he or she has done in the past, the claimant has made a prima facie showing of disability. At this point—step five—the burden shifts to the Commissioner to show that the claimant can perform some other work that exists in "significant numbers" in the national economy, taking into consideration the claimant's residual functional capacity, age, education, and work experience. 20 CFR § 404.1560(b)(3). There are two ways for the Commissioner to meet the burden of showing that there is other work in "significant numbers" in the national economy that claimant can perform: (a) by the testimony of a vocational expert, or (b) by reference to the Medical–Vocational Guidelines at 20 C.F.R. pt. 404, subpt. P, app. 2.

Tackett, 180 F.3d at 1100–01 (citing Desrosiers, 846 F.2d at 577–78 (Pregerson, J., concurring)). However, "[t]he grids should be applied only where a claimant's functional limitations fall into a standardized pattern accurately and completely described by the grids." Lounsburry v. Barnhart, 468 F.3d 1111, 1115 (9th Cir. 2006) (internal quotation marks omitted). If the ALJ *does* choose to question a VE "[t]he ALJ's depiction of the claimant's disability must be accurate, detailed, and supported by the medical record. Tackett, 180 F.3d at 1101.

At plaintiff's hearing, the ALJ's questioning of the VE included the following:

> Q  Okay. All right. Let's assume a hypothetical individual the claimant's age, education, work background, and the following limitations:  lifting and carrying 20 pounds occasionally and 10 pounds frequently; sitting six hours in an eight-hour day; standing/walking, two; no climbing of ladders, ropes, or scaffolds; occasional climbing of ramps and stairs, occasional balancing, stooping, kneeling, crouching and crawling; limited to one to two-step simple instruction jobs with occasional contact with the public. Can that person do this claimant's past work?
>
> A  Your Honor, the sitting was how many hours a day?
>
> Q  Six.
>
> A  Six hours a day, and standing/walking was two. Okay.
>
> Q  Right.

1       A  No, Your Honor.  None of the jobs could be performed.

2       Q  Okay.  Are there other jobs in the regional or national economy that such a person could do?

3

4       A  Yes, Your Honor.  That would be approximately 80 percent of the unskilled light duty jobs available.

5       Q  Okay.  So what would be a couple of those?

6       A  Well, the first job would be a table worker, 734.687-014, unskilled at two, light duty.  The aggregate numbers are 549,000 nationally, and approximately 63,000 in California.  I'm going to apply 25 percent erosion, Your Honor.

7

8

9       Q  Okay.

10       A  Next job would be assembler of electrical equipment, 729.687-010, unskilled at two, light duty; 215,000 nationally, approximately – one second.  I'm sorry, it's 100 – 215,000 nationally, 4,100 approximately in California.

11

12       Q  Okay.

13       A  Twenty-five percent erosion, Your Honor.

14       Q  Okay.  If I add in that the person needs to *change positions from sitting/standing frequently*, does that change your testimony?

15

16       A  No, it would just add a little bit of erosion, maybe five percent or more.

17       Q  Okay.  If instead of occasional – well, let's just leave that, but let's add in the person cannot do any bending, does that change your testimony?

18

19       A  No, Your Honor.

20 AR 659–60 (emphasis added).  Plaintiff argues that the ALJ's inclusion of a "sitting/standing"

21 requirement falls short of her own residual functional capacity (RFC) finding, which includes a

22 requirement that plaintiff be able to "change positions from sitting to standing *or walking*." AR

23 24 (emphasis added).

24      Plaintiff's argument fails.  The RFC specifies that plaintiff must be able to switch

25 frequently between sitting and standing *or* walking.  Id.  It does not require that plaintiff be able

26 to switch from sitting to walking.  The gravamen of the requirement is that the claimant needs

27 frequent breaks from sitting.  Accordingly, the ALJ's hypothetical adequately supported the RFC

28 finding.

1  B.     The Consistency of the VE's Testimony with the DOT

2       Plaintiff's argument that the ALJ erred by failing to explain, on the record, her

3  hypothetical's deviation from the DOT is more persuasive.

4       Social Security Regulation (SSR) 00-4p states the following with regards to the ALJ's use

5  of VE evidence:[1]

> Occupational evidence provided by a VE or VS generally should be consistent with the occupational information supplied by the DOT. When there is an apparent unresolved conflict between VE or VS evidence and the DOT, the adjudicator must elicit a reasonable explanation for the conflict before relying on the VE or VS evidence to support a determination or decision about whether the claimant is disabled. At the hearings level, as part of the adjudicator's duty to fully develop the record, the adjudicator will inquire, on the record, as to whether or not there is such consistency.

12  When the ALJ includes a limitation in her hypothetical to the VE that does not appear in the

13  DOT, there is a conflict. McCabe v. Colvin, No. 3:14-CV-00396-LRH, 2015 WL 4740509, at

14  *12 (D. Nev. Aug. 10, 2015) (citing three other unpublished California District Court cases for

15  the same proposition); see also Buckner-Larkin v. Astrue, 450 F. App'x 626, 628 (9th Cir. 2011).

16  The ALJ has a duty to elicit from the VE an explanation of his findings in light of that conflict.

17  SSR 00-4p (stating that "the adjudicator *will* inquire, on the record, as to whether or not there is

18  . . . consistency [with the DOT]" (emphasis added)).  It is procedural error for the ALJ to neglect

19  this obligation. Massachi v. Astrue, 486 F.3d 1149, 1153 (9th Cir. 2007).

20      Here, the ALJ's hypothetical to the VE included the limitation that plaintiff be able to

21  switch between sitting and standing or walking frequently. AR 659–60. This limitation is not

22  reflected in the DOT's definitions of assembler of electrical equipment (DOT Code 729.687-010)

23  or table worker (DOT 734.687-014), the two occupations the VE named in response to the ALJ's

24  hypothetical. Id. The ALJ did not ask the VE about the inconsistency, or ask for an explanation.

---

[1] "SSRs do not carry the 'force of law,' but they are binding on ALJs nonetheless." Bray v. Comm'r of Soc. Sec. Admin., 554 F.3d 1219, 1224 (9th Cir. 2009). The Ninth Circuit gives them deference so long as they do not produce "a result inconsistent with the statute and regulations." Bunnell, 947 F.2d at 346 n.3.

1   Id.  The additional limitation was ultimately included in the ALJ's RFC findings.  AR 24.[2]  The
2   Commissioner argues that the ALJ did not err because (1) the ALJ was not required to ask
3   whether the VE's testimony conflicted with the DOT in light of the fact that there was no
4   "apparent" conflict; (2) the fact that the sit/stand option does not appear in the DOT does not
5   mean there is a conflict; (3) plaintiff is barred from challenging the ALJ's hypothetical to the VE
6   on appeal because plaintiff did not speak up concerning the alleged error during the hearing; and
7   (4) any error was harmless.

8       First, the weight of authority in this circuit clearly supports the proposition that a
9   limitation that does not appear in the DOT cannot be included in the ALJ's hypothetical without
10  explanation.  See Buckner-Larkin, 450 F. App'x at 628; McDaniel v. Astrue, No. 1:11-CV-
11  00880-SMS, 2012 U.S. Dist. LEXIS 151612 (E.D. Cal. Oct. 21, 2012); Pangle v. Astrue, No.
12  1:08CV01760 DBL, 2010 WL 668912 (E.D. Cal. Feb. 23, 2010).  In other words, the absence of
13  the limitation from the DOT creates an "apparent unresolved conflict" within the meaning of SSR
14  00-4p.

15      Second, there is no requirement that a claimant challenge an ALJ's hypothetical during
16  the hearing in order to challenge that hypothetical on appeal.  The Commissioner cites two
17  Central District of California opinions in support of her proposition.  In both cases the court
18  admonished counsel for failing to raise the VE/DOT conflict issue at the hearing before the ALJ.
19  ECF No. 22 at 14 (citing Solorzano v. Astrue, No. ED CV 11-369-PJW, 2012 U.S. Dist. LEXIS
20  4059, at *16–18 (C.D. Cal. Jan. 10, 2012) and Cortez v. Colvin, No. CV 13-0499-JPR, 2014 U.S.
21  Dist. LEXIS 61022, at *25–27 (C.D. Cal. Apr. 30, 2014)).  However, both Solorzano and Cortez,
22  as well as the cases they rely on, are distinguishable on one or more of the following grounds: (1)
23  the ALJ's alleged error occurred at step four, where the burden is still on the claimant, not step
24  five, where the burden is on the Commissioner; (2) the plaintiff was represented by the same firm
25  that represented him or her at the ALJ hearing; or (3) the VE sufficiently explained his or her
26  variation from the DOT so that there was no conflict, or the conflict was harmless.  Cortez, 2014

---

[2] If the requirement that plaintiff be able to switch between sitting and standing or walking had *not* been part of the ALJ's RFC findings, then the ALJ's error likely would have been harmless.

U.S. Dist. LEXIS 61022, at *25–27; Solorzano, 2012 U.S. Dist. LEXIS 4059, at *16–18.  None of those factors are present here.  To the extent these cases stand for the proposition that a plaintiff is barred from seeking reversal of an erroneous ALJ decision when they neglect to object to said errors at the hearing, they are unconvincing.

The Commissioner's attempts to distinguish this case from Buckner-Larkin v. Astrue, 450 F. App'x 626 (9th Cir. 2011); McDaniel v. Astrue, No. 1:11-CV-00880-SMS, 2012 U.S. Dist. LEXIS 151612 (E.D. Cal. Oct. 21, 2012); and Pangle v. Astrue, No. 1:08CV01760 DBL, 2010 WL 668912 (E.D. Cal. Feb. 23, 2010) also fail.  First, the Commissioner asserts that the court in McDaniel held the ALJ erred not because she failed to explain the VE testimony's conflict with the DOT, but because the VE had incorrectly found no erosion with the inclusion of a sit/stand requirement.  AR 22 at 13.  The Commissioner's assertion is simply incorrect.  The court in McDaniel held that the ALJ erred for exactly the reason plaintiff states: she failed to explain a conflict with the DOT.  McDaniel, 2012 U.S. Dist. LEXIS 151612, at *23 ("The ALJ failed to ask Ms. Najarian if a conflict existed between her testimony and the DOT, and on what basis she rendered her opinion.").

The Commissioner also argues that Pangle's holding is contradicted by the Ninth Circuit's opinion in Cole v. Astrue, 395 Fed. App'x 387, 390 (9th Cir. 2010).  In Pangle, the court remanded an ALJ's decision for further consideration upon finding that he failed to explain a contradiction between the VE's testimony and the DOT.  Pangle, 2010 WL 668912, at *11–12.  In Cole, the Ninth Circuit also found a failure to explain a contradiction between VE testimony and the DOT to be legal error.  Cole, 395 F. App'x at 390.  Unlike the court in Pangle; however, the Ninth Circuit held that the error was harmless, finding "[t]here was sufficient remaining evidence in the record to support the conclusion that significant numbers of jobs existed that Cole could perform."  Id.  The Commissioner does not explain how the Ninth Circuit's finding of harmlessness in Cole contradicts the court's holding in Pangle.  Indeed, it does not.

The Commissioner also asserts that the Ninth Circuit in Buckner-Larkin found including a sit/stand requirement limitation in a hypothetical does *not* create a conflict with the DOT because the DOT does not discuss a sit/stand requirement.  ECF No. 22 at 13 (citing Buckner-Larkin, 450

9

1   Fed. App'x at 628).  This is again, incorrect.  In Buckner-Larkin, the Ninth Circuit found the

2   VE's testimony *did* conflict with the DOT, but that reversal was not necessary because the VE

3   otherwise sufficiently explained the basis of her findings.  Buckner-Larkin, 450 F. App'x at 628–

4   29 ("The vocational expert noted that although the DOT does not discuss a sit-stand option, his

5   determination was based on his own labor market surveys, experience, and research.  Therefore,

6   the conflict between the DOT and the vocational expert was addressed and explained by the

7   vocational expert, and the ALJ addressed this in the decision.").  Here, there was no such

8   explanation.

9         Finally, the court finds that the ALJ's error was not harmless.  The Commissioner is

10  correct that procedural errors such as the one committed by the ALJ are subject to harmless error

11  review.  A procedural error regarding a perceived conflict between vocational expert testimony

12  and the DOT is harmless if there is no conflict or if the VE provided sufficient support for her

13  conclusion to justify any potential conflict.  Massachi, 486 F.3d at 1154 n.19.  Here there is an

14  actual conflict between the VE's testimony and the DOT, and the VE did not supply any further

15  explanation for her findings.  Accordingly, the ALJ's error cannot be considered harmless.  See

16  Stout, 454 F.3d at 1056 (ALJ error is not harmless unless it is irrelevant to the nondisability

17  finding; "[a] reviewing court cannot consider the error harmless unless it can confidently

18  conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a

19  different disability determination.").  The court finds that the ALJ erred in failing to explain the

20  conflict between the VE's testimony and the DOT and will grant plaintiff's motion for summary

21  judgment accordingly.

22  C.    Remand

23        Plaintiff requests that the decision of the ALJ be vacated and this case be remanded for the

24  determination of benefits or, in the alternative, for further consideration.  The decision whether to

25  remand for further proceedings turns upon the likely utility of such proceedings.  Barman v.

26  Apfel, 211 F.3d 1172, 1179 (9th Cir. 2000).  In this matter, the court concludes that outstanding

27  issues remain that must be resolved before a determination of disability can be made.  Pursuant to

28

1 | this remand, the ALJ shall reconsider the basis of the VE's testimony that plaintiff could sit or
2 | stand at will when performing the exemplary positions.

## CONCLUSION

In light of the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment, ECF No. 21, is GRANTED;
2. The Commissioner's cross-motion for summary judgment, ECF No. 22, is DENIED; and
2. This matter is remanded for further proceedings consistent with this order.

DATED: September 21, 2015

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE